United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 12, 2026
Lyle W. Cayce
Clerk

No. 23-70002

Dexter Johnson,

                *Petitioner—Appellee*,

versus

Eric Guerrero, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

                *Respondent—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3047

ON PETITION FOR REHEARING EN BANC

PUBLISHED ORDER

Before Southwick, Graves, and Higginson, *Circuit Judges*.

Per Curiam:

    Treating the petition for rehearing en banc as a petition for panel rehearing (5th Cir. R.40 I.O.P.), the petition for panel rehearing is DENIED. The petition for rehearing en banc is DENIED because, at the request of one of its members, the court was polled, and a majority did not vote in favor of rehearing (Fed. R. App. P.40 and 5th Cir. R.40).

In the en banc poll, seven judges voted in favor of rehearing (JUDGES JONES, SMITH, WILLETT, HO, DUNCAN, ENGELHARDT, and WILSON), and nine voted against rehearing (CHIEF JUDGE ELROD, and JUDGES STEWART, RICHMAN, SOUTHWICK, HAYNES, GRAVES, HIGGINSON, DOUGLAS, and RAMIREZ).[*]

---

[*] Judge Andrew S. Oldham, did not participate in the consideration of the rehearing en banc.

JAMES C. HO, *Circuit Judge*, joined by JONES, SMITH, and ENGELHARDT, *Circuit Judges*, dissenting from the denial of rehearing en banc:

The Constitution affords those accused of a crime with certain protections. But as with any other litigant, the accused must assert their rights in timely fashion, or else risk forfeiting them. Our adversarial system of justice relies on party presentation.

When it comes to criminal defendants, however, our legal system is especially generous—some would say, too generous—in providing multiple bites at the apple.

Consider this case. In 2006, Dexter Johnson kidnapped Maria Aparece, an innocent 23-year-old woman, at gunpoint. He raped her. And he marched her into the woods and shot and killed her as she begged for her life. He was subsequently tried, convicted, and sentenced to death.

In the two decades since that brutal murder, Johnson has received an extraordinary amount of process—trial and conviction, followed by direct appeal to multiple appellate courts, followed by a state habeas petition and subsequent appeal, followed by a federal habeas application and subsequent appeal, as well as a number of subsequent petitions further challenging his conviction. *See*, *e.g.*, *Johnson v. State*, 2010 WL 359018 (Tex. Crim. App. Jan. 27, 2010), *cert. denied sub nom.*, *Johnson v. Texas*, 561 U.S. 1031 (2010) (initial conviction & affirmance); *Ex parte Johnson*, 2010 WL 2617804 (Tex. Crim. App. June 30, 2010) (accepting the trial judge's recommendation that state habeas be denied); *Johnson v. Stephens*, 2014 WL 2882365 (S.D. Tex. June 25, 2014), *aff'd*, 617 F. App'x 293 (5th Cir. 2015), *cert. denied*, 577 U.S. 1121 (2016) (denial of his first federal habeas petition); *Johnson v. Davis*, 2017 WL 8790978 (S.D. Tex. Nov. 6, 2017) (denial of a Rule 59 motion for

reconsideration); *Johnson v. Davis*, 746 F. App'x 375 (5th Cir. 2018), *cert. denied*, 586 U.S. 1249 (2019) (denial of an application to file a subsequent habeas petition); *Ex parte Johnson*, 2019 WL 1915204 (Tex. Crim. App. Apr. 29, 2019) (denial of a subsequent state habeas petition); *Johnson v. Davis*, 2019 WL 13440694 (S.D. Tex. Aug. 12, 2019) (denial of a Rule 60(b) relief from judgment); *Ex parte Johnson*, 2019 WL 3812803 (Tex. Crim. App. Aug. 13, 2019) (denial of a subsequent state habeas petition).

Extraordinary delays like this are, alas, extraordinarily commonplace in our criminal justice system. And they are far from costless. Never mind the expense to the taxpayer. Such delays also force the family and friends of victims like Maria Aparece to wait for justice—for over two decades, in this case.

It's for precisely this reason that Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA). Where, as here, a criminal defendant has been convicted, and their convictions have already been affirmed, not just on direct appeal, but also on state and federal habeas review, AEDPA imposes significant restrictions on what additional claims the individual can bring on a subsequent, successive federal habeas petition. *See, e.g.*, *Banister v. Davis*, 590 U.S. 504, 523 (2020) (Alito, J., dissenting) ("Integral to AEDPA's design are its restrictions on 'second or successive' habeas petitions, which, prior to AEDPA, sometimes led to very lengthy delays.").

Under AEDPA, federal courts may grant a successive application of habeas corpus only if (1) "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven

and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A)–(B).

So subsection (A) sets forth the standard for successive habeas applications based on new law, and subsection (B) sets for the standard for successive habeas applications based on new facts. And this case falls far short of these standards.

In this successive habeas application, Johnson seeks relief under *Atkins v. Virginia*, 536 U.S. 304 (2002). In *Atkins*, the Supreme Court held for the first time that the execution of a mentally retarded criminal constitutes cruel and unusual punishment under the Eighth Amendment.

Johnson's successive habeas application fails under AEDPA for one simple reason: His claim does not rely on a "new rule of constitutional law." 28 U.S.C. § 2244(b)(2)(A).

*Atkins* isn't a new rule of constitutional law. It's a decades old decision, issued years before Johnson brutally murdered Maria Aparece.

For his part, Johnson contends that there is new scientific evidence available to him today that wasn't available to him before—and that that new evidence indicates that he is in fact mentally retarded under *Atkins*. As the panel put it, Johnson claims that "the latest professional diagnostic manual changed the framework for intellectual disability." *Johnson v. Guerrero*, 2025 WL 2060781, *2 (5th Cir.) (quoting *In re Johnson*, 935 F.3d 284, 291–92 (5th Cir. 2019)).

But that's not a claim of new law. It's a claim of new facts—specifically, new scientific evidence.

New facts can warrant a successive habeas application under AEDPA, but only if the new facts would have prevented a reasonable jury from finding him "guilty" of murder. *See* 28 U.S.C. § 2244(b)(2)(B) (requiring new facts to establish that "no reasonable factfinder would have found the applicant guilty of the underlying offense"). And that standard is obviously not met here.

The only way for Johnson to satisfy AEDPA, then, is for us to somehow re-conceptualize his new scientific evidence as a new rule of constitutional law. But that would be tantamount to delegating the judicial power to interpret the law to scientists.

That would not just get AEDPA wrong—it would distort our constitutional system of government. *See United States v. Skrmetti*, 605 U.S. 495, 531 (2025) (Thomas, J., concurring) ("To hold otherwise would permit elite sentiment to distort and stifle democratic debate under the guise of scientific judgment, and would reduce judges to mere spectators in constructing our Constitution.") (cleaned up); *see also Whole Woman's Health v. Paxton*, 10 F.4th 430, 468 (5th Cir. 2021) (Ho, J., concurring) (as judges, our duty is to follow the law, not to "blindly follow the scientists").

In reaching the opposite conclusion, the panel dutifully followed circuit precedent. *See In re Cathey*, 857 F.3d 221 (5th Cir. 2017).

But our circuit precedent is wrong. In *Cathey*, our court held that an *Atkins* claim is "previously unavailable" under AEDPA so long as the petitioner couldn't previously establish that he was mentally retarded under the scientific evidence available at that time. *Id.* at 230–31. But that conflicts with the text of AEDPA in multiple ways. For one, *Cathey* essentially conflates AEDPA's requirement of a "new rule of constitutional law" with the mandate that the claim be "previously unavailable"—ignoring the fact that these are distinct prongs. 28 U.S.C. § 2244(b)(2)(A). *See, e.g., Tyler v.*

*Cain*, 533 U.S. 656, 662 (2001) (explaining the "new rule" prong separately from both the "retroactivity" and "previously unavailable" prongs); *see also Dodd v. United States*, 545 U.S. 353, 359 (2005) (recognizing separate "new rule" and "retroactivity" prongs for language identical to that of § 2244(b)(2)(A)). In addition, the text of AEDPA requires that the claim be "previously unavailable"—not that it be "previously unwinnable." And as already noted, *Cathey* (like Johnson) treats new evidence as new law.

Our decision in *Cathey* has been rejected by at least one other circuit. *See In re Bowles*, 935 F.3d 1210, 1217 (11th Cir. 2019) (explicitly rejecting the reasoning of *Cathey* and *Johnson*); *see also In re Williams*, 364 F.3d 235, 239 (4th Cir. 2004) ("constitutional rules that were established at the time of the applicant's last [pre-filing authorization] motion were not 'previously unavailable'"). *But see Munoz v. United States*, 28 F.4th 973, 976 (9th Cir. 2022) (following *Cathey*).

I would have granted rehearing en banc here to correct our precedent—and perhaps bring the friends and family of Maria Aparece one step closer to justice.